IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. CONLEY,

        Petitioner,                          CASE NO. 2:10-CV-00831
                                                    JUDGE SARGUS
    v.                                            MAGISTRATE JUDGE KING

ROBIN KNAB, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,

        Respondent.

## ORDER

On July 25, 2010, the United States Magistrate Judge denied, in part, petitioner's motion to expand the record and recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Order and Report and Recommendation*, Doc. No. 19. This matter is now before the Court on petitioner's objections to that order and recommendation. *Objection*, Doc. No. 22. After considering the matter *de novo*, *see* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b), the Court denies petitioner's objections.

Petitioner objects to the Magistrate Judge's denial of his request to expand the record with an April 22, 2009, letter from his attorney, with the affidavits of Kyle Conley, Walter "Glen" Tomblin, III, Jedadiah Tomblin, and Willie Davis, and with the case files for one Justin Mathers in the Pike County Court of Common Pleas, Case Nos. 2007CR179 and 2008CR010. Petitioner contends that the letter will establish that petitioner was not at fault for failing to raise in the state appellate court a claim of ineffective assistance of counsel, which claim he asserts as cause for his procedural default of his second claim asserted in this action. He argues that the proffered affidavits of potential defense witnesses, and the Mathers case files, would establish that he is actually innocent

of the charges against him. Petitioner argues that he acted diligently in presenting the foregoing documents to the state courts by following the requirements of Rule 33 of the Ohio Rules of Criminal Procedure. For the reasons addressed by the Magistrate Judge, *see Report and Recommendation,* pp. 6-9, this Court is not persuaded that any of these documents is properly made a part of the record in these proceedings.

Raising all the same arguments that he previously presented, petitioner also objects to the recommendation that claim one be dismissed on the merits and that claim two be dismissed as procedurally defaulted. *See Objections.* Petitioner also argues that this Court may consider the merits of claim two in view of the decision in *Mitts v. Bagley,* 620 F.3d 650 (6th Cir. 2010), *rev'd on other grounds sub nom. Bobby v. Mitts,* 131 S.Ct. 1762 (2011). Again, for the reasons already addressed in the Magistrate Judge's *Report and Recommendation, see id.,* pp.9-13, this Court is not persuaded by petitioner's arguments.

Petitioner's objections are therefore **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter final judgment in this action.

Petitioner has requested a certificate of appealability. Where, as with claim one, a court dismisses a claim on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle,* 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree

2

> that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Where, as with claim two, a court dismisses a claim as procedurally defaulted, a certificate of appealability should issue only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. at 483. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that reasonable jurists would find it debatable whether claim one should have been resolved differently and whether claim two states a valid claim of the denial of a constitutional right or should have been resolved in a different manner. *See id.* Petitioner's request for a certificate of appealability is therefore **GRANTED**.

The Court certifies the following issues for appeal:

> 1. Was Petitioner denied a fair trial by Sandra Cooper's the in-court identification of him as the perpetrator?
>
> 2. Is claim two of this habeas corpus petition procedurally defaulted?

DATE: 9-1-2011

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

3